UNITED STATES DISTRICT COURT

DISTRICT MARYLAND

| | |
|---|---|
| **U.S. Army ROTC ECP Cadet JOHN DOE**<br><br>　　　　Plaintiff<br><br>v.<br><br>**JOSEPH R. BIDEN, JR.**,<br>in his official capacity as President of the United States of America;<br><br>**LLOYD J. AUSTIN, III**,<br>individually and in his official capacity as Secretary of Defense, United States Department of Defense; and<br><br>**CHRISTINE ELIZABETH WORMUTH,**<br>individually and in her official capacity as United States Secretary of the Army,<br><br>　　　　Defendants | Case No.: 1:22-cv-691 |

### PLAINTIFF'S MOTION TO PROCEED PSEUDONYMOUSLY

　　1.　　Plaintiff respectfully requests that the Court grant him the privilege to proceed with a pseudonym in the above caption matter, and for reasons states:

　　2.　　In the absence of statutory authority directly addressing a party's capacity to proceed with a pseudonym, the Courts have generally recognized several factors to be weighed in making such a determination. Although non-exhaustive, the following factors have been considered relevant:

　　(a) whether the plaintiff is challenging governmental activity or an individual's actions;

(b) whether the plaintiff's action requires disclosure of information of the utmost intimacy;

(c) whether the action requires disclosure of the plaintiff's intention to engage in illegal conduct;

(d) whether identification would put the plaintiff at risk of suffering physical or mental injury;

(e) whether the defendant would be prejudiced by allowing the plaintiff to proceed anonymously; and

(f) the public interest in guaranteeing open access to proceedings without denying litigants access to the justice system.  New York Blood Center, 213 F.R.D. 108, 111 (E.D.N.Y. 2003); see also Doe v. Ind. Black Expo, 923 F. Supp. at 140

Discussion

3.	Except for the third factor, each of these is relevant and weigh in favor of Plaintiffs' request.

4.	**Governmental Activity**. Plaintiff is one of a comparatively small body of exceptional military cadets in the U.S. Army's highly selective Early Commissioning Program and, but for the government Defendants' actions, was scheduled to be commissioned on May 12, 2022, in the rank of Second Lieutenant and at the early age of nineteen. All Defendants are or represent government entities and the actions or omissions of government authorities or agents in regard to executive orders, military regulations, and Army policies.  Generally, "where a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong," in part because "the government is viewed as having a less

significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." New York Blood Center, 213 F.R.D. at 111.

5. **Disclosure of Intimate Information**. "[T]he types of personal intimate information justifying anonymity for litigating parties have typically involved such intimate personal matters as birth control, abortion, homosexuality, or the welfare rights of illegitimate children or abandoned families," Doe v. Merten, 219 F.R.D. 387, 392 (E.D. Va. 2004), as well as allegations concerning sexual relationships and sexual assault, Doe v. Purdue Univ., 321 F.R.D. 339, 342 (N.D. Ind. 2017), and religious beliefs, Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. 1981).  The Plaintiff here is bringing causes of action sounding in federal violations of his religious freedom and religious convictions, as well as his medical decisions, treatment for various COVID related symptoms, and past infections, etc.  Decisions regarding vaccinations, illnesses and treatment – both underlying issues here - are just like decisions regarding birth control and, arguably, abortion as noted in *Doe v. Merten:* they are inherently medical decisions and pertain to intimate personal matters. His sincere religious beliefs and convictions, as recognized in Doe v. Stegall, supra, are decidedly intimate and further weigh in favor of anonymity.  That is, Plaintiff here has two bases weighing in favor, medical and religious.

6. **Mental Injury**. "In this regard, to justify the exceptional relief of proceeding anonymously, plaintiff must establish with sufficient specificity the incremental injury that would result from disclosure of [his] identity." Doe v. Freydin, 2021 WL 4991731, at *2 (S.D.N.Y. Oct. 27, 2021).  Although not a minor, Plaintiff is still a teenager who is refusing on religious grounds to receive an mRNA vaccination and is contesting as arbitrary and capricious the Defendants' grounds for denying his temporary medical exemption request based on his treating physicians' recommendations.  In the

present climate, he is likely to be labeled as an "anti-vaxer" – which he is not - and his reputation tarnished both inside and outside of the military.  As one who is against reception of the currently available vaccines based on religious grounds, he appears part of a minority. If he succeeds in the present cause of action, he is likely to be targeted for retaliation.

7. **Prejudice to Defendants.** Defendants will not be prejudiced by Plaintiffs proceeding anonymously.

8. **Public Interest.** Finally, allowing Plaintiff to remain anonymous will not interfere with the ability of the public to ascertain the status of this case. Plaintiffs' anonymity will not hurt the public interest in guaranteeing open access to proceedings, as the record will not be sealed. Moreover, "[t]he courtroom proceedings will remain open, subject to the least intrusive means possible of protecting the identities of the parties and witnesses. The actual identit[y] of Plaintiff[s] . . . [is] of minimal value to the public." Doe v. Purdue Univ., 321 F.R.D. at 3.

WHEREFORE, Plaintiff, U.S. Army ROTC ECP Cadet John Doe, by and through counsel, requests that Plaintiff be allowed to proceed anonymously.

Respectfully submitted this 18th day of March, 2022.

*Marc Schifanelli*
Marc D. Schifanelli, Esquire

District Bar No.: 1009998
P.O. Box 1023
Stevensville, Maryland 21666
240-882-2402
marc@schiflaw.com

Counsel for the Plaintiff